**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, | § § § § | |
| Plaintiff, | § § § | No. 4:25-cv-00319-P |
| v. | § § | |
| CRISTI LEEBERG D/B/A PRACTITIONERS IN MOTION, PLLC, | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Legacy Medical Consultants, LP, successor in interest to Legacy Medical Consultants, LLC ("Legacy"), by and through its undersigned attorneys, files this first amended complaint against Defendant, Cristi Leeberg, doing business as Practitioners in Motion, PLLC ("PIM"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This complaint arises out of Defendant's breach of contract by failing to pay over seven million dollars for products she purchased from Legacy. As alleged in greater detail below, the parties entered into Agreements under which Legacy agreed to sell, and Defendant agreed to buy, certain human tissue products used to assist in the treatment of chronic, non-healing wounds. True and correct copies of the agreements are attached as **Exhibit A**, Fulfillment/Rebate Agreement dated July 25, 2022 ("Original Agreement"); **Exhibit B**, Purchase Agreement for Zenith Membrane dated April 1, 2023 ("Zenith Agreement"); **Exhibit C**, Purchase Agreement for InnovaMatrix AC dated September 27, 2023 ("InnovaMatrix Agreement"); **Exhibit D**, Purchase

167037.00042/153636834v.1

Agreement for PalinGen dated September 27, 2023 ("PalinGen Agreement"); and **Exhibit E**, Purchase Agreement for Impax Membrane dated November 7, 2023 ("Impax Agreement"). Leeberg was required to provide payment for any and all human tissue products ordered within forty-five (45) days of the date of the Invoice (Original Agreement), forty-five (45) days after product shipment (Zenith Agreement), or sixty (60) days after product shipment (InnovaMatrix, PalinGen, and Impax Agreements). *See* **Ex. A-E** ¶ 6. Defendant was required to provide payment for any and all human tissue products ordered within the time prescribed by the Agreements. *See* **Ex. A-E**. Yet after executing the Agreements, Defendant began missing payments. To date, and despite Legacy's continued requests and reminders to remit all outstanding payments, Defendant still owes at least $7,335,930.32. Legacy brings the following action to collect these overdue amounts.

## PARTIES

2.      Plaintiff Legacy Medical Consultants, LP, successor in interest to Legacy Medical Consultants, LLC is a Texas Limited Partnership, with its principal place of business located at 9800 Hillwood Parkway #320, Fort Worth, Texas 76177.

3.      Defendant Cristi Leeberg is an individual and licensed advanced practice registered nurse with a principal place of residence at 960 Whisperoak Drive, Melbourne, Florida 32901. She was doing business as, and is the co-owner of, Practitioners in Motion, a Florida limited liability company, with its principal place of business located at 1900 South Harbor City Boulevard #225, Melbourne, Florida 32901.

PLAINTIFF'S FIRST AMENDED COMPLAINT

167037.00042/153636834v.1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this suit because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

5.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Legacy's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### I.      Plaintiff Legacy Medical Consultants

6.      Legacy Medical Consultants is an integrated marketer of proprietary regenerative biomaterial products processed from human amniotic membrane and other birth tissues. Among other things, Legacy markets amniotic tissue grafts, which are intended to assist in the treatment of external, chronic or non-healing wounds by providing coverage and protection. Legacy markets its products to doctors all over the county.

7.      Before purchasing human tissue products from Legacy, doctors and/or medical providers fill out a customer onboarding document, which sets out the provider's address, practice name, contact information, and billing information.

8.      Doctors and/or providers also execute a Purchase or Fulfillment/Rebate Agreement with Legacy. The Agreement sets out the terms of the purchase and sale and dictates the procedures that customers must follow to place orders for human tissue products, keep track of human tissue products administered to patients, and provide payment for any human tissue products purchased, among other things.

PLAINTIFF'S FIRST AMENDED COMPLAINT

## II.      The Agreements with Leeberg

9.      Between July 25, 2022 and November 7, 2023, Cristi Leeberg, doing business as PIM, entered into five Agreements with Legacy. *See* **Ex. A-E**.

10.      Except for the specific brand of human tissue product, prices, and timing of payment, the terms of the Agreements are the same.

11.      Per the terms of the Agreements, Legacy agreed to sell, and Defendant agreed to purchase, human cell and tissue products for Defendant to administer to patients as medically necessary.

12.      After Defendant submitted her order forms for human tissue products, Legacy would generate an order statement reflecting the terms of the purchase and identifying the products to be shipped. Legacy would then promptly pack and ship the human tissue products identified on the Order Statement for delivery to Defendant using second-day delivery. Legacy would also provide the shipment's delivery status information to Defendant.

13.      On the day human tissue products were shipped, Legacy would send Defendant an invoice per order via email.

14.      At the end of each month, Legacy would deliver to Defendant an email with a summary PDF document containing all of the prior month's invoices, which reflected all amounts Leeberg owed Legacy for human tissue products ordered in the preceding month.

15.      Leeberg was bound to make payment to Legacy in the amount specified on the monthly invoice for all human tissue products she received. Specifically, Paragraph 6 of each Agreement states:

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

167037.00042/153636834v.1

a. "Customer [Leeberg] agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within fourty [sic] five (45) days of the date of the Invoice." **Ex. A ¶** 6.

b. "Customer [PIM/Leeberg] agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within forty-five (45) days after product shipment." **Ex. B ¶ 6.**"

c. "Customer [Leeberg] agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment." **Ex. C ¶** 6.

d. "Customer [Leeberg] agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment." **Ex. D ¶** 6.

e. "Customer [Leeberg] agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment." **Ex. E ¶** 6.

### III.     Defendant Fails to Pay Legacy at Least 7,335,930.32 That Is Owed

16.     Despite the plain language of the Agreement, Defendant has failed to make numerous payments on due invoices owed to Legacy for human tissue products she received.

17.     At present, Defendant owes Legacy a total of at least $7,335,930.32 for human tissue products.

18.     Leeberg has failed to make payments in full to Legacy for human tissue products from July 25, 2022, to May 17, 2024, totaling $7,335,930.32.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

19.    Legacy informed Defendant that these payments were past due and demanded reimbursement of all amounts owed. Legacy contacted Defendant about these overdue payments and requested return of all unused products on or about December 3, 2023.

20.    Despite Legacy's efforts, Defendant did not remit the requested payments.

21.    This directly conflicts with the plain language of the Agreements, which states that all payments for human tissue products must be made to Legacy within the time prescribed by the Agreements. **Ex. A-E** ¶ 6.

22.    Upon information and belief, Defendant used Legacy's human tissue products with patients.

23.    To date, Legacy has still not received the $7,335,930.32 that Defendant owes under the Agreement.

<u>**COUNT I**</u>
<u>**BREACH OF CONTRACT**</u>

24.    Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

25.    Leeberg entered into five Agreements with Legacy in connection with the purchase and sale of human tissue products from Legacy. *See* **Ex. A-E**.

26.    The Agreements are a valid and enforceable contracts between Legacy and Leeberg.

27.    The Agreements are governed by Texas law. **Ex. A-E** ¶ 7.

28.    Legacy has fully performed all relevant obligations under the Agreements, by, among other things, generating and sending order statements to Leeberg upon receipt of any and

<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

167037.00042/153636834v.1

all orders; packing and shipping human tissue products to; and generating and sending monthly invoices to Leeberg reflecting all amounts owed by her for the products she received.

29.    Leeberg breached Paragraph 6 of the Agreements by failing to pay Legacy for the invoices discussed in Paragraph 18 above.

30.    Leeberg's breach of contract has caused and will continue to cause substantial harm and injury to Legacy, including lost revenue in the amount of at least $7,335,930.32, and other damages in an amount to be determined at trial.

## COUNT II
## IN THE ALTERNATIVE, QUANTUM MERUIT

31.    Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

32.    Legacy provided valuable goods and services to Leeberg by, among other things, packing and shipping Leeberg the human tissue products she ordered.

33.    Such goods and services were rendered at the specific request, and for the benefit, of Leeberg, with knowledge, consent, and acquiescence, and were accepted by Leeberg.

34.    Due to the significant cost and amount of human tissue products delivered, Leeberg understood that Legacy expected to be compensated therefor.

35.    Leeberg has failed to pay Legacy $7,335,930.32 in overdue payments for human tissue products delivered to her.

36.    Upon information and belief, Leeberg accepted, used, and benefited from the human tissue products by using them to treat her patients.

37.    Legacy made a demand on Leeberg for payment on or about December 3, 2023.

38.    Despite such demand, Leeberg has refused to pay Legacy for its products.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

167037.00042/153636834v.1

39.     As a result of Leeberg's refusal to pay Legacy for the value of the human tissue products and other services provided, Legacy has sustained substantial damages, including but not limited to damages in the amount of at least $7,335,930.32, and other damages in an amount to be determined at trial.

## COUNT III
## IN THE ALTERNATIVE, PROMISSORY ESTOPPEL

40.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

41.     On or about July 25, 2022; April 1, 2023; September 27, 2023; and November 7, 2023, Leeberg made written promises to Legacy to pay for all human tissue products she received.

42.     Due to the substantial expense and amount of the human tissue products Legacy agreed to send to Leeberg, Leeberg reasonably anticipated that Legacy would rely on her promises of payment.

43.     Legacy reasonably relied on Leeberg's promises of payment to its detriment by providing the human tissue products to Leeberg.

44.     As a result of Legacy's detrimental reliance on Leeberg's promises, Legacy has suffered actual and significant injury, including but not limited to damages in the amount of at least $7,335,930.32, and other damages in an amount to be determined at trial.

## COUNT IV
## IN THE ALTERNATIVE, UNJUST ENRICHMENT

45.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

167037.00042/153636834v.1

46.      Legacy, at its own expense, provided several deliveries of human tissue products valued at least $7,335,930.32 to Leeberg. Legacy also packed and shipped the human tissue products to Leeberg and sent her several invoices for those products.

47.      Upon information and belief, Leeberg has been enriched by virtue of Legacy providing her with the aforementioned human tissue products. Leeberg was able to use those products in treating her patients.

48.      Leeberg has been unjustly enriched by inducing Legacy to rely on her promises of payment for the valuable goods and services that Legacy provided for her.

49.      As a result of Leeberg's acts and omissions, Legacy has suffered actual and significant injury, including, but not limited to damages in the amount of at least $7,335,930.32, and other damages in an amount to be determined at trial.

## SUIT ON SWORN ACCOUNT / SUIT ON OPENACCOUNT

50.      Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

51.      Legacy provided goods to Defendant under contract and founded on business dealings between the parties.

52.      Defendant accepted said services and became bound to Legacy for the same.

53.      A record of the account and required affidavit is attached hereto as **Exhibit F** and fully incorporated herein by reference.

54.      The account accurately sets forth the services Legacy provided to Defendant, the dates of performance, and the cost of the goods provided. The account represents a record of the

PLAINTIFF'S FIRST AMENDED COMPLAINT

transactions at issue and is similar to records Legacy systemically keeps in the ordinary course of business.

55.    After goods were provided, Defendant failed to make payments.

56.    No payments being made or offsets being proper, the principal balance owed by Defendant remains $7,335,930.32.

57.    This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. Legacy therefore seeks liquidated damages in the amount of at least $7,335,930.32 from Leeberg.

## REQUEST FOR JURY TRIAL

58.    Legacy requests a jury trial on all issues so triable to a jury and will pay the appropriate fee.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Legacy Medical Consultants, LP asks that the Court issue citations for against Defendant Cristi Leeberg, doing business as Practitioners in Motion, PLLC, to appear and answer, and that Plaintiff be awarded a judgment against Defendant as follows, and in addition to the foregoing relief sought in each cause of action above:

   a.    Actual and out-of-pocket damages of at least $7,335,930.32, incurred as a result of Leeberg's breach of the Agreements and other tortious conduct;

   b.    Incidental damages, consequential damages, and exemplary damages in amounts to be determined at trial;

   c.    Pre-judgment and post-judgment interest, in an amount to be determined at trial;

   d.    Court costs, in an amount to be determined;

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

e.  Attorneys' fees and legal costs and expenses, in an amount to be determined and as permitted by law; and

f.  All other relief to which Plaintiff is entitled, at law or in equity, and which this Court deems just and proper.

Respectfully submitted,

Dated:  April 7, 2025

**BLANK ROME LLP**

*/s/ Audrey F. Momanaee*
Audrey F. Momanaee
State Bar No. 24055993
Fed Bar No. 724132
Gregory J. Moore (of counsel)
State Bar No. 24055999
Christopher W. Caudill (of counsel)
State Bar No. 24104717
717 Texas Avenue, Suite 1400
Houston, TX 77002
713.632.8657
Audrey.Momanaee@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 7, 2025, I electronically filed Plaintiff's First Amended Complaint and all Exhibits thereto with the Clerk of Court using the Court's CM/ECF system, and shall serve true and correct copies of the same on all parties in compliance with the Federal Rules of Civil Procedure.

Dated: April 7, 2025                                    */s/ Audrey F. Momanaee*
                                                        Audrey F. Momanaee

167037.00042/153636834v.1