UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, | § § § § | |
| Plaintiff, | § § | No. 4:25-cv-00319-P |
| v. | § § | |
| CRISTI LEEBERG D/B/A PRACTITIONERS IN MOTION, PLLC, | § § § | |
| Defendant. | § § | |

## JOINT REPORT

Plaintiff, Legacy Medical Consultants, LP, successor in interest to Legacy Medical Consultants, LLC ("Legacy") and Defendant, Cristi Leeberg, doing business as Practitioners in Motion, PLLC ("Leeberg" and collectively with Legacy, the "Parties"), by and through undersigned counsel, hereby submit to this Court their Report Regarding Contents of Scheduling Order (the "Joint Report") and would show the Court as follows:

(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures;

RESPONSE: The Parties held a Scheduling Conference on Thursday, April 10, 2025, via phone call. In attendance were Mr. Robert Einhorn, and Ms. Dorian Vergos, on behalf of Leeberg, and Ms. Amanda Januszewski, Mr. Nicholas Harbist, and Mr. Christopher Caudill on behalf of Legacy. During the Scheduling Conference, the Parties engaged in preliminary discussions regarding a potential settlement and believe that there are reasonable prospects of resolving this matter amicably.

1

(2) A brief statement of the claims and defenses;

**RESPONSE:** Legacy alleges that PIM breached various agreements entered into between Legacy and PIM by failing to pay over seven-million dollars for purchased products. The Parties entered into agreements under which Legacy agreed to sell, and Leeberg agreed to buy, certain human tissue products used to assist in the treatment of chronic, non-healing wounds. Legacy brings this case to recoup missed or unfulfilled payments related to these agreements.

Leeberg intends to assert several defenses including, but not limited to, lack of personal jurisdiction, improper venue, negligent misrepresentation, and failure to state a claim for breach of contract, quantum meruit, promissory estoppel and unjust enrichment.

(3) A proposed time limit to amend pleadings and join parties;

**RESPONSE:** The Parties propose a deadline of August 1, 2025, for Legacy to amend pleadings or join parties. The Parties propose a deadline of August 15, 2025, for Leeberg to designate responsible third parties, amend pleadings, or join parties.

(4) A proposed time limit for dispositive motions (*e.g.*, summary judgment);

**RESPONSE:** The Parties propose a deadline of April 6, 2026, for the Parties to file dispositive motions.

(5) A proposed time limit for initial designation of experts and responsive designation of experts;

**RESPONSE:** The Parties propose that all parties asserting claims for relief shall file their designation of testifying experts and serve on all Parties, but not file, the materials required by FED. R. CIV. P. 26(a)(2)(B) on or before December 10, 2025.

The Parties propose that all parties resisting claims for relief shall file their designation of testifying experts and serve on all Parties, but not file, the materials required by FED. R. CIV. P. 26(a)(2)(B) on or before January 22, 2026.

The Parties propose that all Parties shall file all designations of rebuttal experts and serve on all parties the material required by FED. R. CIV. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, by that party's expert designation deadline or within fifteen (15) days of receipt of the report of the opposing expert, whichever is later.

The parties propose that all supplemental reports required under FED. R. CIV. P. 26(e) be filed by February 16, 2026.

(6) A proposed time limit for objections to experts (*e.g.*, *Daubert* and similar motions);

**RESPONSE:** The parties propose that objections for experts be filed by February 27, 2026.

(7) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases;

**RESPONSE:** The Parties propose a deadline of March 16, 2026, as the deadline to complete discovery. The Parties anticipate that factual and expert discovery as well as depositions of certain witnesses will be needed with regard to the written agreements and business relationship between the Parties, which form the basis of the Parties' respective claims and defenses. The Parties do not believe discovery needs to be conducted in phases.

(8) A statement on whether any limitations on discovery need to be imposed, and if so, what limitations;

**RESPONSE:** The Parties believe discovery should be limited to the requirements set forth in the Federal Rules of Civil Procedure.

(9) A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI;

**RESPONSE:**  The Parties have conferred about discovery of electronically stored information ("ESI"). The Parties anticipate a large volume of electronic invoices and purchase orders to be exchanged, but do not otherwise anticipate a large amount of emails or other ESI to be exchanged in this case. To the extent the Parties intend to seek ESI, they will work collaboratively as to an appropriate ESI protocol.

(10) Any proposals on handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;

**RESPONSE:**  The Parties intend to seek a confidentiality order and claw back agreement, and will present both for the Court's review and approval.

(11) A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded;

**RESPONSE:**  The Parties propose a trial date of <u>May 15, 2026</u>**.** The Parties estimate that five (5) days will be necessary for trial. A jury trial has been requested.

(12) A proposed mediation deadline;

**RESPONSE:**  The Parties agree to mediate this case on or before <u>February 27, 2026</u>.

(13) A statement on when and how disclosures under FED. R. CIV. P. 26(a)(1) were made or will be made;

**RESPONSE:**  The Parties will exchange disclosures in accordance with FED. R. CIV. P. 26(a)(1) on or before April 25, 2025.

(14) A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge;

**RESPONSE:**  The Parties do not consent to proceed before a United States Magistrate Judge except for the limited purpose of resolving any scheduling matters or discovery disputes that may arise.

(15) Whether a conference with the Court is desired, and if so, a brief explanation why; and

**RESPONSE:**  The Parties do not believe a conference with the Court is desired at this time. The Parties are amenable to scheduling a conference with the Court upon the Court's request.

(16) Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).

**RESPONSE:** None at this time.

Respectfully submitted,

BLANK ROME, LLP
200 Crescent Ct #1000
Dallas, Texas 75201
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727
Tel:  713/623-8613

_/s/ Audrey F. Momanaee_____
Audrey F. Momanaee
State Bar No. 24055993

5

Fed Bar No. 724132
Christopher McNeill (local counsel)
State Bar No. 24032852
Gregory J. Moore (of counsel)
State Bar No. 24055999
Christopher W. Caudill (of counsel)
State Bar No. 24104717
Audrey.momanaee@blankrome.com
**ATTORNEYS FOR LEGACY MEDICAL CONSULTANTS, L.P.**

*and*

THE LEAL LAW FIRM, LLC
14180 N Dallas Parkway, Suite 300
Dallas, Texas 75254

*/s/ Abel A. Leal* (with permission)
Abel A. Leal
State Bar No. 24026989
abel@leal.law

ZARCO EINHORN SALKOWSKI, P.A.
2 S Biscayne Blvd, 34th Floor
Miami, FL 33131

*/s/ Robert M. Einhorn* (with permission)
Robert M. Einhorn
reinhorn@zarcolaw.com
Dorian A. Vergos
dvergos@zarcolaw.com
**ATTORNEYS FOR CRISTI LEEBERG d/b/a PRACTITIONERS IN MOTION, PLLC**

6