### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | |
| **SUCCESSOR IN INTEREST TO LEGACY** | § | |
| **MEDICAL CONSULTANTS, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **No. 4:25-cv-00319-P** |
| **v.** | § | |
| | § | |
| **CRISTI LEEBERG D/B/A** | § | |
| **PRACTITIONERS IN MOTION, PLLC,** | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT CRISTI LEEBERG'S MOTION TO DISMISS AMENDED
### COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER AND BRIEF IN SUPPORT

Defendant, CRISTI LEEBERG ("Leeberg"), by and through undersigned counsel, and pursuant to Rules 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Amended Complaint, or, in the alternative, Transfer and Brief in Support, seeking the transfer of this matter to the United States District Court for the Middle District of Florida, and in support thereof, states as follows:

## I.    INTRODUCTION

Plaintiff, Legacy Medical Consultants, LP ("Plaintiff"), has filed this action in the United States District Court for the Northern District of Texas—an improper venue—relating to the purchase and sale of certain medical products. *See* Amended Complaint, Ex. A-E. Additionally, Plaintiff has failed to satisfy its burden of establishing that this court possesses personal jurisdiction over Leeberg. Leeberg is an individual residing in the State of Florida who has neither conducted activities so substantial and continuous as to render her at home in Texas, nor purposefully directed any activities in Texas as to avail herself of this State's privileges and

protections. Simply put, Leeberg has no connection to Texas. Further, Leeberg has not agreed to either venue or personal jurisdiction in Texas.

In addition to these critical deficiencies, Plaintiff's Amended Complaint fails to comply with the most basic pleading requirements of pleading a valid claim under the Federal Rules of Civil Procedure. The Amended Complaint asserts claims for Breach of Contract (Count I), Quantum Meruit (Count II), Promissory Estoppel (Count III), and Unjust Enrichment (Count IV). Plaintiff, however, fails to plead both ultimate facts and the necessary elements in support of each of these claims, and instead attempts to rely on vague generalities and mere recitations of the law. Further still, even if Plaintiff had complied with the appropriate pleading standard—which it indisputably did not—Plaintiff's claims are unsupported by law as well as the exhibits attached and incorporated into the Amended Complaint. Accordingly, Plaintiff's Amended Complaint fails to state a claim against Leeberg in its entirety and should be dismissed *with prejudice.*

## II.    LEGAL STANDARD

In a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3), the plaintiff bears the burden of establishing a district court's personal jurisdiction over a nonresident defendant. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 817 (5th Cir. 2021); *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of Cal.*, 1 F.4th 346, 350 (5th Cir. 2021) ("If the defendant has moved to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to identify facts that demonstrate a prima facie case of jurisdiction."); *see also Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013) ("Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper." (internal citation omitted)). "The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any

part of the record, and any combination thereof." *Thyssen Stearns, Inc. v. Huntsville Madison Cnty*. Airport Auth., No. 401CV0601A, 2001 WL 1041821, *1 (N.D. Tex. Aug. 30, 2001). If venue is improper, 28 U.S.C. § 1406(a) instructs district courts to dismiss or transfer such case to any district or division in which it could have been brought. *Zurich*, 982 F. Supp. 2d at 720.

Further, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must have pleaded "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547  (2007). Naked assertions and formulaic recitations of the elements of a cause of action will not suffice, and conclusory statements unsupported by facts are not accepted as true. *Id.* at 555; *In re MasterCard Intern. Inc.*, 313 F.3d 257, 261 (5th Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). A claim has facial plausibility only when the plaintiff pleads facts that allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 555). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558).

## III.  ARGUMENT

### A.  Venue is Improper in the Northern District of Texas.

#### 1.  The Amended Complaint Should Be Dismissed for Improper Venue.

Venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C.A. § 1391. Here, Plaintiff does not cite any factual

basis for venue in this district. Plaintiff does not (because it cannot) allege that Leeberg resides in Texas. Indeed, as set forth in the Amended Complaint, Leeberg is the sole defendant in this action and an individual residing in the State of Florida. *See* Amended Complaint, ¶ 3. Further, Plaintiff's conclusory allegation that "venue is proper . . . because a substantial part of the events or omissions giving rise to [Plaintiff's] claims occurred in this judicial district[]" does not suffice to establish proper venue in this district. In breach of contract actions, a substantial part of the events may occur where the contract was executed, where it was to be performed, or where the alleged breach occurred. *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 2007 WL 2461817, *2 (E.D. Tex. Aug. 27, 2007). Plaintiff has failed entirely to allege that the five purchase and sale agreements between Leeberg and Plaintiff (the "Agreements") were executed, to be performed, or breached in any county which lies in the Northern District of Texas. In fact, Leeberg did not negotiate or execute the Agreements in Texas, nor did she pay and/or fail to pay invoices prepared by Plaintiff in the same. *See* Declaration of Cristi Leeberg ("Leeberg Decl."), ¶¶ 9-10, a true and correct copy of which is attached hereto as **Exhibit "A."** Further, all products furnished by Plaintiff were received by Leeberg in Brevard County, Florida. Leeberg Decl., ¶ 9. Accordingly, this Court should find that venue is improper in the Northern District of Texas and dismiss the Amended Complaint.

## 2. Alternatively, the Court Should Transfer This Action to the Middle District of Florida.

If the Court denies Leeberg's Motion to Dismiss, it should alternatively transfer this action to the Middle District of Florida as it is a district where this action might have been brought and good cause exists for the transfer. There are generally two steps to the transfer analysis in cases where the court is asked to choose between two proper venues. First, the court must ask whether the judicial district to which transfer is sought qualifies as a district where the civil action might

have been brought. *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 304 (5th Cir. 2024). Second, the court must weigh the private and public interest factors to determine whether the transfer would serve the convenience of parties and witnesses as well as the interest of justice. *Id.* The Fifth Circuit has articulated four private interest factors to be used to evaluate whether a case should be transferred to another judicial district: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* Additionally, the public interest factors that a court must consider are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Id.* ("No factor is of dispositive weight, and we have cautioned against a 'raw counting of the factors' that 'weigh[s] each the same.' ").

Here, the United States District Court of the Middle District of Florida qualifies as a district where this action might have been brought on two separate grounds: (1) it is where Leeberg is domiciled; and (2) it is where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. Leeberg Decl., ¶¶ 2-7; *see also* Amended Complaint, ¶ 3. However, this is not a typical 28 U.S.C § 1404(a) analysis where the Court is choosing between two proper venues. Indeed, the Middle District of Florida is the *only* proper venue. Therefore, an analysis of the private and public interest factors is not necessary. Should the Court disagree, however, such factors still weigh in favor of transferring to the Middle District of Florida.

### i.    Private Interest Factors Weigh in Favor of the Middle District of Florida.

The first private interest factor regarding the relative ease of access to sources of proof

primarily concerns the location of documentary evidence and witnesses. *Fintiv, Inc. v. Apple Inc.*, 2019 WL 4743678, *2 (W.D. Tex. Sept. 13, 2019) (internal citation omitted). This factor weighs in favor of transfer when the bulk of the documents are located in an alternative venue. *Id.* Additionally, when non-party witnesses are located in the alternative venue, "this factor weighs heavily in favor of transfer." *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, (S.D. Tex. 2016). Here, the documentary evidence relevant to this litigation consists of several written agreements, correspondence, forms and other related documents that—to the extent that they are not electronically available—will be found in Florida where Leeberg lives, works, operates her business, Practitioners in Motion, PLLC ("PIM"), executed the Agreements, and performed under the Agreements. Additionally, while Leeberg does not anticipate many key witnesses in this case, most of the conceivable non-party witnesses are located in Florida, including PIM's accountant, individuals who are familiar with PIM's operations and PIM's patients. Because the majority of the documents and potential witnesses relevant to this dispute are located in Florida, the first factor weighs in favor of the Middle District of Florida.

The second private interest factor, the availability of compulsory process to secure the attendance of witnesses, is closely tied to the third private interest factor regarding the cost of attendance for willing witnesses. Moreover, it favors transfer if the bulk of non-party witnesses are outside the 100-mile radius of the Court and trial subpoenas to compel their testimony would be subject to motions to quash. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008). Florida is more than 100 miles from this Court and thus, this second factor is particularly crucial. As stated above, Leeberg anticipates that the majority of potential witnesses will be found in Florida. As such, Florida is the closer, more convenient, and more affordable forum for any relevant witnesses.

The final private interest factor, all other practical matters that affect the ease and economy of trial, favors transfer where there is previous or other pending litigation in the current venue between the parties or involving the same or highly similar facts and circumstances, or the current court has special knowledge about the subject matter of the current case. *See TrackThings LLC v. Amazon.com Servs. LLC*, 2023 WL 7930080, *8-9 (W.D. Tex. Nov. 16, 2023). The location of counsel is not a consideration. *Piernik v. Collection Mgmt. Co*., 2018 WL 1202972, at *6 (W.D. Tex. Jan. 25, 2018). The present matter is the only litigation pending between the parties and there is no special knowledge involved in this relatively straight-forward breach of contract action, so this factor has little significance and weighs neither against nor in favor of transfer.

> ## ii.   Public Interest Factors Weigh in Favor of the Middle District of Florida.

The focus of the first public factor—administrative difficulties flowing from court congestion—is not simply the relative congestion of the venues but rather the speed at which a case can come to trial and be resolved. Accordingly, courts often consider the median time interval from case filing to disposition in analyzing this factor." *Rosemond v. United Airlines, Inc.*, No. 4:13-cv-2190, 2014 WL 1338690, at *4 (S.D. Tex. Apr. 2, 2014) (cleaned up). This Court has historically not given this first factor much weight due to its speculative nature. *TM Boyce Feed & Grain, LLC v. nVenia, LLC*, 747 F. Supp. 3d 951, 965 (N.D. Tex. 2024). Given the lack of accurate information relating to the total number of pending cases as well as median disposition times in this district and the Middle District of Florida, this factor should be given very little significance and should weigh neither against nor in favor of transferring. *Id.*

The second public interest factor regarding the local interest in having localized interests decided at home is concerned with the interest of non-party citizens in adjudicating the case. *In re Chamber of* Commerce, 105 F.4th at 308. Put differently, localized interests are present when "the

citizens of the forum have a sufficient interest in the controversy to justify burdening them with jury duty." *Id.* This factor considered not merely the parties' connection to each forum, but rather the significant connections to between a particular venue and the events that gave rise to a suit. . *In re Clarke*, 94 F.4th 502, 511 (5th Cir. 2024). Notably, the sale of a product offered nationwide does not give rise to a substantial interest in any single venue. *S.M.R. Innovations LTD v. Apple Inc.*, 756 F.Supp.3d 453, 467 (W.D. Tex. Nov. 14, 2024) (internal citation omitted). Little or no weight should likewise be afforded to a party's general presence or contacts with a forum that are untethered from the lawsuit. *Id.* Here, Leeberg did not conduct specific events related to this litigation in the Northern District of Texas. That Plaintiff purports to sell certain medical products from and in Texas is immaterial because—as demonstrated by the instant case—Plaintiff sells products nationwide. As such, the purchase and sale of certain medical products under the Agreements is strenuously tied to the present venue at best and provides little to no local interest in having the present matter decided in this district. Likewise, because this factor focuses on the events and not the parties, the fact that Plaintiff is organized and operates in Texas is irrelevant. *In re Clarke*, 94 F.4th at 511. Thus, this factor favors transfer to the Middle District of Florida.

The third (familiarity of the forum with the law that will govern the case) and fourth (avoidance of unnecessary problems of conflict of laws or in the application of foreign law) public interest factors are neutral. There is no reason to believe that federal courts in an alternative venue would be more familiar (or unfamiliar) with federal and Texas law. Additionally, there are no issues involving conflicts of foreign laws. Accordingly, these two public interest factors are of little significance in the present matter and weigh neither against nor in favor of transfer.

To conclude, after considering the relevant private and public interest factors, it is clear that it would be more convenient to have the present matter adjudicated in the Middle District of

Florida, rather than the Northern District of Texas. As such, if this Court declines to dismiss the present matter, it should alternatively transfer it to the Middle District of Florida.

### B. Leeberg Does Not Have Sufficient Minimum Contacts with Texas to Support the Court's Exercise of Personal Jurisdiction.

#### 1. General Jurisdiction.

Personal jurisdiction can be founded on general or specific jurisdiction. *See generally Pearson v. Shriners Hosps. for Children*, 736 F. Supp. 3d 521 (S.D. Tex. 2024), *aff'd as modified sub nom. Pearson v. Shriners Hosps. for Children, Inc.*, 2025 WL 984361 (5th Cir. Apr. 2, 2025).

With respect to general jurisdiction, the Fifth Circuit has explained that "[a] court may assert general jurisdiction over [nonresident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Establishing general jurisdiction is "difficult" and requires "extensive contacts between a defendant and a forum." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required [. . . .] [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 102.

For an individual defendant, the paradigm forum for the exercise of general jurisdiction is that defendant's domicile—which is generally defined as the state in which the defendant, *inter alia*, lives, works, exercises civil and political rights, pays taxes, maintains bank accounts and owns property. *Stellar Restoration Services, LLC v. James Christopher Courtney*, 533 F. Supp. 3d 394, 413 (E.D. Tex. 2021). Here, Leeberg is indisputably domiciled in the State of Florida. Leeberg Decl., ¶¶ 2-8. Plaintiff concedes that Leeberg resides, works and operates her business, PIM, in

Florida. *See* Amended Complaint, ¶ 3. Because Leeberg is not a resident of Texas, nor has Plaintiff asserted any allegations that Leeberg maintained a business, worked, or owned property in the State of Texas, this Court does not have general jurisdiction over Leeberg.

### 2. Specific Jurisdiction.

Because the Court does not have general jurisdiction over Leeberg, Plaintiff must establish specific jurisdiction over its claims against Leeberg. A court's "determination of whether a nonresident defendant is subject to specific personal jurisdiction in the forum state involves two inquiries: first, whether the forum state's long-arm statute permits service of process and, second, whether the assertion of jurisdiction is consistent with due process." "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Federal due process is satisfied if two requirements are met: (1) the nonresident purposely availed itself of the benefits and protections of the forum State by establishing "minimum contacts" with the State; and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Diece-Lisa Indus., Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239, 249-50 (5th Cir. 2019). The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 250.

Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. *Goodyear*, 564 U.S. at 919; *Walk Haydel & Associates, Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235,  (5th Cir. 2008) (holding that specific jurisdiction exists when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.); see also

*Cunningham v. CBC Conglomerate*, LLC, 359 F. Supp. 3d 471, 480  (E.D. Tex. 2019).

The Amended Complaint fails entirely to allege what activities, if any, Leeberg has directed at Texas. Indeed, Leeberg does not conduct business in Texas nor has she agreed to personal jurisdiction in Texas. Leeberg Decl., ¶¶ 8, 10. Further, the mere fact that Leeberg entered into various written contracts with Plaintiff—a Texas Limited Partnership—does not suffice to establish purposeful availment. *Cunningham, LLC*, 359 F. Supp. 3d at 481 ("[T]he plaintiff's own contacts with the forum [cannot] be used to demonstrate contacts by the defendants."); *see also Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.,* 785 F.2d 1330, 1334 (5th Cir. 1986) (applying Texas law in affirming grant of motion to dismiss for lack of personal jurisdiction and stating "the Court notes that merely contracting with a resident in the forum state is insufficient . . . to subject the nonresident to the forum's jurisdiction."); *Composite Cooling Solutions, LP v. TriState HVAC Equipment LLP*, 2016 WL 11746295, *5-6 (N.D. Tex. Oct 31, 2016) (dismissing the claim for lack of personal jurisdiction where the substantive aspects of the contract, besides communications and payment sent to Texas, were all performed in Pennsylvania). Plaintiff's allegations fail to demonstrate a cause of action that arises out of or relates to a contact between Leeberg and the forum state. As such, this Court does not possess specific jurisdiction over Leeberg and should dismiss the Amended Complaint for lack of personal jurisdiction.

### C. Plaintiff's Claims for Quantum Meruit, Unjust Enrichment, and Promissory Estoppel Are Precluded by the Express Contract Rule.

Plaintiff's claims for quantum meruit, unjust enrichment, and promissory estoppel should be dismissed because its rights with respect to the products furnished are governed by express contracts. Quantum meruit is an equitable remedy which does not arise out of contract, but is independent of it. *Vortt Expl. Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). Generally, party may recover under quantum meruit only when there is no express contract

covering services or materials furnished. *Id.*; *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 737 (Tex. 2018). Factual allegations in a complaint showing a contractual relationship between the parties is enough to foreclose the ability of the Plaintiff to plead quantum meruit, unjust enrichment claims, and promissory estoppel. *Matter of KP Eng'g, L.P.*, 63 F.4th 452, 457 (5th Cir. 2023) ("[T]he unjust enrichment claim would nevertheless fail for the same reasons the quantum meruit claim fails. Under Texas law, an unjust enrichment claim is 'unavailable when a valid, express contract governing the subject matter of the dispute exists,' as it does here."); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (holding that the district court properly dismissed the unjust enrichment claim because it is based on quasi-contract and therefore unavailable when a valid, express contract governing the subject matter of the dispute exists.); *Reveille Trucking, Inc. v. Lear Corp.*, No. 4:14-CV-511, 2017 WL 661521, *13 (S.D. Tex. Feb. 17, 2017); *In re Pearl Res. LLC*, 645 B.R. 530, 555 (Bankr. S.D. Tex. 2022) ("[I]f a valid contract exists covering the alleged promise, a plaintiff cannot recover under promissory estoppel."). While the existence of an express contract does not preclude recovery in quantum meruit for reasonable work performed and accepted which is not covered by an express contract, that exception is inapplicable here. *See* Hill, 544 S.W.3d at 737.

Here, Plaintiff's quantum meruit, unjust enrichment, and promissory estoppel claims are based on products purportedly furnished pursuant to the Agreements. *See* Amended Complaint, ¶ 9 ("Between July 25, 2022 and November 7, 2023, [Leeberg] entered into five agreements with [Plaintiff]."), Ex. A-E. Plaintiff has not alleged that it furnished materials for Leeberg outside of the terms of the Agreements. Accordingly, Plaintiff's claims for quantum meruit, unjust enrichment, and promissory estoppel should be dismissed. *Matter of KP Eng'g, L.P.*, 63 F.4th at 457; MMR Constructors, Inc. v. Dow Chem. Co., No. 01-19-00039-CV, 2020 WL 7062325, *10

(Tex. App.—Houston [1st Dist.] Dec. 3, 2020, no pet.) ("The rationale behind this rule [known as the express-contract rule] is that parties should be bound by their express agreements, and recovery under an equitable theory is generally inconsistent with an express agreement which already addresses the matter." (internal citation omitted)).

### D. Plaintiff Fails to State a Claim for Unjust Enrichment.

The Amended Complaint improperly asserts claims for unjust enrichment against Leeberg. Indeed, Plaintiff cannot bring a claim for unjust enrichment because it has not alleged sufficient facts that it conferred a direct benefit upon Leeberg.

To recover under a theory of unjust enrichment, a plaintiff must prove: (1) that valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used, and enjoyed by that person; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Reveille Trucking, Inc.*, 2017 WL 661521 at *13 (internal citation omitted). Importantly, in order to prevail on an unjust enrichment claim, the benefit conferred must be a "direct benefit." *Harris Cnty., Tex. v. Eli Lilly & Co., No*. CV H-19-4994, 2022 WL 479943, *12 (S.D. Tex. Feb. 16, 2022) (holding that a lack of a direct benefit conferred is fatal to an unjust enrichment claim). Here, all products purchased under the Agreements were ordered on behalf of specific customers of PIM. Such purchases were only permitted *after* Plaintiff's express approval through insurance verification forms, which identify the individual and intended recipient of each order placed by Leeberg. Further, all products were administered by PIM with all revenues for such labor being received directly by PIM—not Leeberg. Additionally, the cost of the products purchased on behalf of individual customers were not increased in order to generate a profit on the

same. Accordingly, no benefit was conferred—directly or otherwise—on Leeberg. For this reason, the Court should dismiss Plaintiff's claim for unjust enrichment against Leeberg.

## IV.    CONCLUSION

WHEREFORE, Defendant, Cristi Leeberg, respectfully requests that this Honorable Court enter an order: (i) granting Leeberg's Motion to Dismiss Amended Complaint; (ii) dismissing the Complaint with prejudice, or, in the alternative, transferring this action to the United States District Court for the Middle District of Florida; and (iii) granting any such further relief that this Court deems just and proper.

Dated: April 21, 2025                        Respectfully submitted,

                                             THE LEAL LAW FIRM, LLC
                                             14180 N Dallas Pky, Suite 300
                                             Dallas, Texas 75254

                                             */s/ Abel A. Leal*
                                             Abel A. Leal
                                             State Bar No. 24026989
                                             abel@leal.law

                                             **ATTORNEY FOR CRISTI LEEBERG d/b/a
                                             PRACTITIONERS IN MOTION, PLLC**