UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, <br><br>*Plaintiff,*<br><br>v.<br><br>CRISTI LEEBERG D/B/A PRACTITIONERS IN MOTION, PLLC,<br><br>*Defendant.* | No. 4:25-cv-00319-P |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CRISTI LEEBERG ("Defendant"), by and through undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff, LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC's ("Plaintiff") First Amended Complaint (the "Complaint"), and in support thereof, states as follows:

1. Defendant admits that Plaintiff brought this action but denies that Plaintiff is entitled to any of the requested relief.

2. Defendant is without knowledge to the allegations in paragraph 2 of the Complaint, therefore it is denied.

3. Defendant admits the allegations in paragraph 3 of the Complaint for jurisdictional purposes only.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant is without knowledge to the allegations in paragraph 6 of the Complaint, therefore it is denied.

7. Defendant is without knowledge to the allegations in paragraph 7 of the Complaint, therefore it is denied.

8. Defendant states the Purchase or Fulfillment/Rebate Agreement referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 8 of the Complaint are denied.

9. Defendant states the Fulfillment/Rebate Agreement dated July 25, 2022, the Purchase Agreement for Zenith Membrane dated April 1, 2023, the Purchase Agreement for InnovaMatrix AC dated September 27, 2023, the Purchase Agreement for PalinGen dated September 27, 2023, and the Purchase Agreement for Impax Membrane dated November 7, 2023 (collectively the "Agreements") referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 9 of the Complaint are denied.

10. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 10 of the Complaint are denied.

11. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 11 of the Complaint are denied.

12. Defendant denies the allegations in paragraph 12 of the Complaint and demands strict proof thereof.

13. Defendant denies the allegations in paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant denies the allegations in paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 15 of the Complaint are denied.

16. Defendant denies the allegations in paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations in paragraph 17 of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations in paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant denies the allegations in paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant denies the allegations in paragraph 20 of the Complaint and demands strict proof thereof.

21. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 21 of the Complaint are denied.

22. Defendant denies the allegations in paragraph 22 of the Complaint and demands strict proof thereof.

23. Defendant denies the allegations in paragraph 23 of the Complaint and demands strict proof thereof.

## COUNT I
## BREACH OF CONTRACT

24. Defendant reincorporates and realleges the responses contained with Paragraphs 1 through 23, *supra*, as if fully set forth herein.

25. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 25 of the Complaint are denied.

26. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 26 of the Complaint are denied.

27. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 27 of the Complaint are denied.

28. Defendant denies the allegations in paragraph 28 of the Complaint and demands strict proof thereof.

29. Defendant denies the allegations in paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant denies the allegations in paragraph 30 of the Complaint and demands strict proof thereof.

<b><u>COUNT II</u></b><br><b><u>IN THE ALTERNATIVE, QUANTUM MERUIT</u></b>

31. Defendant reincorporates and realleges the responses contained with Paragraphs 1 through 23, *supra*, as if fully set forth herein.

32. Defendant denies the allegations in paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant denies the allegations in paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations in paragraph 34 of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations in paragraph 35 of the Complaint and demands strict proof thereof.

36. Defendant denies the allegations in paragraph 36 of the Complaint and demands strict proof thereof.

37. Defendant denies the allegations in paragraph 37 of the Complaint and demands strict proof thereof.

38. Defendant denies the allegations in paragraph 38 of the Complaint and demands strict proof thereof.

39. Defendant denies the allegations in paragraph 39 of the Complaint and demands strict proof thereof.

## COUNT III
## IN THE ALTERNATIVE, PROMISSORY ESTOPPEL

40. Defendant reincorporates and realleges the responses contained with Paragraphs 1 through 23, *supra*, as if fully set forth herein.

41. Defendant denies the allegations in paragraph 41 of the Complaint and demands strict proof thereof.

42. Defendant denies the allegations in paragraph 42 of the Complaint and demands strict proof thereof.

43. Defendant denies the allegations in paragraph 43 of the Complaint and demands strict proof thereof.

44. Defendant denies the allegations in paragraph 44 of the Complaint and demands strict proof thereof.

## COUNT IV
## IN THE ALTERNATIVE, UNJUST ENRICHMENT

45. Defendant reincorporates and realleges the responses contained with Paragraphs 1 through 23, *supra*, as if fully set forth herein.

46. Defendant denies the allegations in paragraph 46 of the Complaint and demands strict proof thereof.

47. Defendant denies the allegations in paragraph 47 of the Complaint and demands strict proof thereof.

48. Defendant denies the allegations in paragraph 48 of the Complaint and demands strict proof thereof.

49. Defendant denies the allegations in paragraph 49 of the Complaint and demands strict proof thereof.

## COUNT V
## SUIT ON SWORN ACCOUNT / SUIT ON OPENACCOUNT

50. Defendant reincorporates and realleges the responses contained with Paragraphs 1 through 23, *supra*, as if fully set forth herein.

51. Defendant states the Agreements referenced therein speak for themselves, and any interpretation thereof is denied. The remaining allegations in paragraph 51 of the Complaint are denied.

52. Defendant denies the allegations in paragraph 52 of the Complaint and demands strict proof thereof.

53. Defendant states the record of the account and required affidavit referenced therein speaks for itself, and any interpretation thereof is denied. The remaining allegations in paragraph 53 of the Complaint are denied.

54. Defendant denies the allegations in paragraph 54 of the Complaint and demands strict proof.

55. Defendant denies the allegations in paragraph 55 of the Complaint and demands strict proof thereof.

56. Defendant denies the allegations in paragraph 56 of the Complaint and demands strict proof thereof.

57. Defendant denies the allegations in paragraph 57 of the Complaint and demands strict proof thereof.

58. Defendant denies the allegations in paragraph 58 of the Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses:

### **First Affirmative Defense**
### **Unclean Hands**

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff engaged in wrongful conduct by selling Defendant human tissue products that were improperly labeled or misrepresented for their intended use. Specifically, Plaintiff misrepresented the intended use of the human tissue products by indicating they were suitable for Defendant's needs, i.e., applying the product without sutures. In reality, the products supplied by Plaintiff were designated for a specific post-surgical application, required a physician's prescription, and needed to be applied with sutures or staples. As a direct and proximate result of Plaintiff's improper labeling and shipping of the products at issue, payment could not be processed through Medicare, and Defendant was not compensated. Because Plaintiff's actions alone contributed to its financial harm, its request for entitlement to relief must be barred under the equitable doctrine of unclean hands.

7
**Zarco Einhorn Salkowski, P.A.**
2. S. Biscayne Blvd., 34th Floor | Miami, FL 33131 | T: (305)374-5418 | F: (305) 374-5428

**Second Affirmative Defense**
**Promissory Estoppel**

Plaintiff's causes of action are barred by the doctrine of promissory estoppel. Plaintiff is estopped from asserting all claims against Defendant due to its own actions, inactions, and representations. Defendant reasonably relied on Plaintiff's assurances that the human tissue products would be properly labeled and suitable for their intended use to Defendant's detriment. Specifically, Plaintiff misrepresented the intended application of the human tissue products by indicating that they could be applied without sutures, without a doctor's prescription, and did not need to be applied after surgery. In reality, the products supplied by Plaintiff were erroneously designated for a specific post-surgical application, requiring a doctor's prescription and the use of sutures or staples. As a result of Defendant's detrimental reliance upon Plaintiff's prior misrepresentations, payment could not be processed through Medicare and Defendant could not be compensated. Plaintiff's causes of action are barred by their inconsistent statements and actions regarding the shipment and intended use of the human tissue products. Having induced Defendant's reliance to its detriment upon such misrepresentations, Plaintiff cannot now seek relief.

**Third Affirmative Defense**
**Prior Material Breach**

Plaintiff's claims are barred by its own prior material breach of the Agreements. Specifically, Plaintiff first breached the Agreements by selling Defendant human tissue products that were improperly labeled or misrepresented as to their intended use. *See* Complaint, Exhibits A-E, Section 3 ("Legacy Medical Consultants shall, on Customer's behalf, promptly pack and ship the Products identified on the Invoice for delivery to the Customer."). Plaintiff failed to properly pack and ship the human tissue products to Defendant as identified on the invoice/statement. This

constituted a prior material breach of the Agreements. Plaintiff's prior material breach relieved Defendant of any further obligations under the Agreements after the breach occurred.

### Fourth Affirmative Defense
### Fraud

Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly made material misrepresentations of fact and/or induced Defendant's entrance into the Agreements by fraud. Plaintiff knowingly misrepresented the intended use of the human tissue products by indicating they were suitable for Defendant's intended purpose, i.e., applying the product without sutures. In reality, the products supplied by Plaintiff were designated for a specific post-surgical application, requiring a doctor's prescription and the use of sutures or staples. However, the human tissue products were delivered without appropriate labeling and were misrepresented as suitable for application without sutures. As such, payment could not be processed through Medicare. Based on Plaintiff's fraudulent representations about the application of the human tissue products, Plaintiff should be barred from securing any relief.

### Fifth Affirmative Defense
### Failure to Mitigate Damages

Plaintiff failed to take any steps to mitigate their damages following the alleged breaches of contract. Notably, Plaintiff continued to enter into Agreements with Defendant between July 25, 2022, and November 7, 2023, and proceeded to deliver human tissue products throughout that period of time. Plaintiff, therefore, continued to knowingly furnish the Defendant with human tissue products which it knew or should have known the Defendant could not earn compensation upon. Accordingly, any recovery of damages should be reduced in proportion to Plaintiff's failure to mitigate its damages.

### Sixth Affirmative Defense
### No Personal Guaranty

Defendant is not personally liable for the amounts claimed in the complaint because Defendant did not execute, sign, or otherwise agree to any personal guaranty of the obligations under the Agreements. The Agreements were entered into by Practitioners in Motion, PLLC, and at no time did Defendant personally guarantee payment or performance of the Agreements. Accordingly, Defendant cannot be held personally liable for any amounts allegedly owed under the Agreements.

Dated: July 18, 2025

Respectfully submitted,

**THE LEAL LAW FIRM, LLC**
14180 N Dallas Pky, Suite 300
Dallas, Texas 75254
Telephone: (214) 395-5325

*/s/ Abel A. Leal*
**ABEL A. LEAL**
Texas Bar No. 24026989
E-mail: abel@leal.law
Telephone: (214) 395-5325

**ZARCO EINHORN SALKOWSKI, P.A.**
2 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
**ROBERT M. EINHORN** (seeking pro hac vice admission)
E-mail: reinhorn@zarcolaw.com
Secondary: imorfi@zarcolaw.com
**ALEC R. SHELOWITZ** (seeking pro hac vice admission)
Email: ashelowitz@zarcolaw.com
Secondary: agarcia@zarcolaw.com

**ATTORNEYS FOR CRISTI LEEBERG**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on July 18, 2025, the foregoing was served via electronic mail upon:

**BLANK ROME, LLP**
200 Crescent Ct #1000
Dallas, Texas 75201
717 Texas Avenue, Suite 1400 Houston, Texas 77002-2727
Audrey F. Momanaee (audrey.momanaee@blankrome.com)
Gregory J. Moore (greg.moore@blankrome.com)
Christopher McNeill (chris.mcneill@blankrome.com)

**ATTORNEYS FOR LEGACY MEDICAL CONSULTANTS, L.P.**

                 By: *s/ Abel A. Leal*
                    **Abel A. Leal**