UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEGACY MEDICAL CONSULTANTS,
LP, SUCCESSOR IN INTEREST TO
LEGACY MEDICAL CONSULTANTS,
LLC,

   *Plaintiff,*

v.

CRISTI LEEBERG D/B/A
PRACTITIONERS IN MOTION, PLLC,

   *Defendant.*

and

CRISTI LEEBERG D/B/A
PRACTITIONERS IN MOTION, PLLC,

   *Counter-Plaintiff,*

v.

LEGACY MEDICAL CONSULTANTS,
LP, SUCCESSOR IN INTEREST TO
LEGACY MEDICAL CONSULTANTS,
LLC,

   *Counter- Defendant.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 4:25-cv-00319-P

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO DEFENDANT'S COUNTERCLAIMS**

  Plaintiff Legacy Medical Consultants, LP files this Answer and Affirmative Defenses to Defendant's Counterclaims. Legacy generally denies all allegations in the Counterclaims not expressly admitted herein.

## I.  PARTIES AND JURISDICTION

1.  Legacy admits this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.  Legacy lacks knowledge or information sufficient to form a belief as to whether Leeberg is domiciled in the State of Florida and therefore denies the allegation.

3.  Legacy admits it is organized and existing under the laws of the State of Texas with its principal place of business located in the State of Texas.

## II.  GENERAL ALLEGATIONS

4.  Legacy lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 4 of the Counterclaim and therefore denies the allegation.

5.  Legacy lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 5 of the Counterclaim and therefore denies the allegation.

6.  Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 6 of the Counterclaim and therefore denies the allegation.

7.  Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 7 of the Counterclaim and therefore denies the allegations.

8.  Legacy lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 8 of the Counterclaim and therefore denies the allegation.

9.  Legacy lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 9 of the Counterclaim and therefore denies the allegation.

10.  Legacy lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 10 of the Counterclaim and therefore denies the allegation.

11.    Legacy lacks sufficient knowledge and information to admit or deny the allegation contained in Paragraph 11 of the Counterclaim and therefore denies the allegation.

12.    Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 12 of the Counterclaim and therefore denies the allegations.

13.    Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 13 of the Counterclaim and therefore denies the allegations.

14.    Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 14 of the Counterclaim and therefore denies the allegations.

15.    Legacy denies the allegations contained in Paragraph 15 of the Counterclaim.

16.    Legacy admits to the allegations contained in Paragraph 16 of the Counterclaim.

17.    Legacy admits that written agreements between the parties exist and that those agreements are the best evidence of their contents, and Legacy denies any allegations in Paragraph 17 inconsistent with the agreements' terms.

18.    The allegations in Paragraph 18 of the Counterclaim concern the "Information for Use" ("IFU") document. The IFU speaks for itself. To the extent factual assertions in Paragraph 18 of the Counterclaim are contradicted by the IFU, or otherwise not supported by the IFU, Legacy denies the allegations.

19.    The allegations in Paragraph 19 of the Counterclaim concern the IFU. The IFU speaks for itself. To the extent factual assertions in Paragraph 19 are contradicted by the IFU, or otherwise not supported by the IFU, Legacy denies the allegations.

20.    The allegations in Paragraph 20 of the Counterclaim concern the IFU. The IFU speaks for itself. To the extent factual assertions in Paragraph 20 are contradicted by the IFU, or otherwise not supported by the IFU, Legacy denies the allegations.

21.     The allegations in Paragraph 21 of the Counterclaim concern the IFU. The IFU speaks for itself. To the extent factual assertions in Paragraph 21 are contradicted by the IFU, or otherwise not supported by the IFU, Legacy denies the allegations.

22.     The allegations in Paragraph 22 of the Counterclaim concern the IFU. The IFU speaks for itself. To the extent factual assertions in Paragraph 22 are contradicted by the IFU, or otherwise not supported by the IFU, Legacy denies the allegations.

23.     Legacy denies the allegations contained in Paragraph 23 of the Counterclaim. Legacy specifically denies that any act or omission by Legacy proximately caused Leeberg's alleged losses and asserts that any denials were the result of independent payor determinations and coding or documentation decisions outside Legacy's control.

24.     Paragraph 24 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Legacy denies the allegations.

25.     Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 25 of the Counterclaim and therefore denies the allegations.

26.     Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 26 of the Counterclaim and therefore denies the allegations.

27.     Legacy denies the allegations contained in Paragraph 27 of the Counterclaim.

28.     Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 28 of the Counterclaim and therefore denies the allegations.

29.     Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 29 of the Counterclaim and therefore denies the allegations.

30.     Paragraph 30 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Legacy denies the allegations.

31. Legacy denies the allegations contained in Paragraph 31 of the Counterclaim. Legacy specifically denies causation and alleges that any claimed damages were caused by third-party payor coverage decisions, provider-level coding, billing, or documentation choices, and other superseding causes.

32. Legacy lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 32 of the Counterclaim and therefore denies the allegations.

33. Paragraph 33 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Legacy denies the allegations.

34. Legacy denies the allegations contained in Paragraph 34 of the Counterclaim.

35. Legacy denies the allegations contained in Paragraph 35 of the Counterclaim.

36. Legacy denies the allegations contained in Paragraph 36 of the Counterclaim.

37. Paragraph 37 of the Counterclaim sets forth a legal conclusion to which no response is required. To the extent a response is required, Legacy denies the allegations.

38. Legacy denies the allegations contained in Paragraph 38 of the Counterclaim.

39. Legacy denies the allegations contained in Paragraph 39 of the Counterclaim.

40. Legacy denies the allegations contained in Paragraph 40 of the Counterclaim.

41. Legacy denies the allegations contained in Paragraph 41 of the Counterclaim.

42. Legacy denies the allegations contained in Paragraph 42 of the Counterclaim.

43. Legacy denies the allegations contained in Paragraph 43 of the Counterclaim.

44. Legacy denies the allegations contained in Paragraph 44 of the Counterclaim.

45. Legacy denies the allegations contained in Paragraph 45 of the Counterclaim.

46. Legacy denies the allegations contained in Paragraph 46 of the Counterclaim.

47. Legacy denies the allegations contained in Paragraph 47 of the Counterclaim.

48.     Legacy lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 48 of the Counterclaim and therefore denies the allegations.

49.     Legacy lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 49 of the Counterclaim and therefore denies the allegations.

50.     Legacy denies the allegations contained in Paragraph 50 of the Counterclaim. Legacy will move under Federal Rule of Civil Procedure 12(f) to strike any immaterial and scandalous allegations concerning purported investigations or indictments as prejudicial and unrelated to any claim or defense.

51.     Legacy denies the allegations contained in Paragraph 51 of the Counterclaim. Legacy will move under Federal Rule of Civil Procedure 12(f) to strike any immaterial and scandalous allegations concerning purported investigations or indictments as prejudicial and unrelated to any claim or defense.

52.     Legacy denies Leeberg is entitled to recover her attorneys fees from Legacy. Leeberg has no contractual or statutory basis to recover attorneys' fees from Legacy on the counterclaims asserted.

**COUNT I**
**Breach of Contract**
**(Fulfillment/Rebate Agreement Dated July 25, 2022)**

53.     Legacy realleges and reasserts paragraphs 1 through 52 as though fully asserted herein.

54.     Paragraph 54 of the Counterclaim sets forth legal conclusions to which no response is required. To an extent a response is required, Legacy denies the allegations.

55.     The allegations in Paragraph 55 of the Counterclaim concern the Agreement. The Agreement speaks for itself. To the extent factual allegations in Paragraph 55 of the Counterclaim

are contradicted by the Agreement, or otherwise not supported by the Agreement, Legacy denies the allegations.

56.    Paragraph 56 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

57.    Paragraph 57 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

58.    Legacy denies the allegations contained in Paragraph 58 of the Counterclaim. Legacy specifically denies that it breached the Agreement, that Leeberg satisfied all conditions precedent to any recovery, or that Leeberg provided timely notice and an opportunity to cure.

59.    Paragraph 59 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

**COUNT II**
**Breach of Contract**
**(Purchase Agreement Dated April 1, 2023)**

60.    Legacy realleges and reasserts paragraphs 1 through 52 as though fully asserted herein.

61.    Paragraph 61 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

62.    The allegations in Paragraph 62 of the Counterclaim concern the Agreement. Legacy admits a written agreement exists and that it is the best evidence of its contents, and Legacy denies any allegations in Paragraph 62 inconsistent with the Agreement's terms.

63.    Paragraph 63 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

64.    Paragraph 64 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

65.     Legacy denies the allegations contained in Paragraph 65 of the Counterclaim. Legacy specifically denies that it breached the Agreement, that Leeberg satisfied all conditions precedent to any recovery, or that Leeberg provided timely notice and an opportunity to cure.

66.     Paragraph 66 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

**COUNT III**
**Breach of Contract**
**(Purchase Agreement Dated November 7, 2023)**

67.     Legacy realleges and reasserts paragraphs 1 through 52 as though fully asserted herein.

68.     Paragraph 68 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

69.     The allegations in Paragraph 69 of the Counterclaim concern the Agreement. Legacy admits a written agreement exists and that it is the best evidence of its contents, and Legacy denies any allegations in Paragraph 69 inconsistent with the Agreement's terms.

70.     Paragraph 70 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

71.     Paragraph 71 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

72.     Legacy denies the allegations contained in Paragraph 72 of the Counterclaim. Legacy specifically denies that it breached the Agreement, that Leeberg satisfied all conditions precedent to any recovery, or that Leeberg provided timely notice and an opportunity to cure.

73.     Paragraph 73 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

## COUNT IV
## FRAUDULENT MISREPRESENTATION

74.     Legacy realleges and reasserts paragraphs 1 through 52 as though fully asserted herein.

75.     Legacy denies the allegations contained in Paragraph 75 of the Counterclaim. Legacy specifically denies that any Legacy representative made an actionable misrepresentation of existing fact, acted with scienter, that Leeberg justifiably relied on any alleged statement, or that any alleged statement proximately caused her claimed damages.

76.     Paragraph 76 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

77.     Paragraph 77 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

78.     Paragraph 78 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

79.     Paragraph 79 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

80.     Paragraph 80 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

## COUNT V
## FRAUDULENT MISREPRESENTATION

81.     Legacy reasserts and reincorporates paragraphs 1 through 52 as though fully set forth herein.

82.     Legacy denies the allegations contained in Paragraph 82 of the Counterclaim. Legacy specifically denies any actionable misrepresentation, scienter, justifiable reliance, proximate causation, or resulting damages.

9

83.     The allegations contained in Paragraph 83 of the Counterclaim concern the IFU. The IFU speaks for itself. To the extent factual allegations in Paragraph 83 of the Counterclaim are contradicted by the IFU, or otherwise not supported by the IFU, Legacy denies the allegations.

84.     Paragraph 84 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

85.     Legacy denies the allegations in Paragraph 85 of the Counterclaim. Legacy specifically denies that Leeberg reasonably or justifiably relied on any alleged statement in light of the parties' written agreements and the IFU. Legacy further corrects the misidentification of "Rick Longwood" to "Rick Logwood" and denies that Logwood or Rowan made any such statements to Leeberg, and demands strict proof thereof.

86.     Legacy denies the allegations in Paragraph 86 of the Counterclaim. Legacy specifically denies proximate causation and damages and asserts that any denials or losses were caused by independent third-party payor determinations and provider-level coding or documentation decisions outside Legacy's control. Legacy further denies any allegation concerning "Legacy's" intent, agency, or authority; "Legacy" is undefined as to the natural person(s) or agents purportedly involved, and any intent or scienter is not admitted and must be strictly proven with particularity. To the extent Leeberg relies on statements by individuals without actual authority to bind Legacy, such statements cannot be attributed to Legacy.

87.     Paragraph 87 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations. Legacy specifically denies that Leeberg reasonably or justifiably relied on any alleged statement in light of the parties' written agreements and the IFU. Legacy further corrects the misidentification of "Rick Longwood"

10

to "Rick Logwood" and denies that Logwood or Rowan made any such statements to Leeberg, and demands strict proof thereof.

88.    Paragraph 88 of the Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, Legacy denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.    Leeberg's Counterclaims are barred, in whole or in part, by acceptance, waiver and estoppel. By ordering, accepting, and using the products over an extended period of time with knowledge of the IFU, and without providing timely notice as required by the UCC, any inconsistent positions are waived. Equitable estoppel bars shifting grounds for nonpayment to Legacy.

### SECOND DEFENSE

2.    Leeberg's Counterclaims are barred, in whole or in part, by the express terms of the Agreements. The Agreements contain integration clauses and no-oral-modification clauses. These provisions categorically bar Leeberg from relying on any oral statements. In addition, any alleged oral modification or "guarantee" relating to the sale of goods is unenforceable under the Statute of Frauds (UCC § 2-201)

### THIRD DEFENSE

3.    Leeberg's Counterclaims are barred, in whole or in part, by the economic loss rule. To the extent Leeberg's tort claims duplicate alleged contractual duties or seek the same economic damages, they are barred.

### FOURTH DEFENSE

4.    Leeberg's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

11

### FIFTH DEFENSE

5.      Leeberg's Counterclaims are barred, in whole or in part, by setoff and offset.

### SIXTH DEFENSE

6.      Leeberg's Counterclaims are barred, in whole or in part, by Leeberg's failure to mitigate her alleged damages.

### SEVENTH DEFENSE

7.      Leeberg's Counterclaims are barred, in whole or in part, by laches. Leeberg's Counterclaims are also barred, in whole or in part, by applicable statutes of limitations; and laches, if applicable, applies only to equitable claims.

### EIGHTH DEFENSE

8.      Leeberg's Counterclaims are barred, in whole or in part, by unauthorized agents or authority. Any alleged statements were made by individuals without actual or apparent authority to bind Legacy, and such statements cannot be attributed to Legacy.

### NINTH DEFENSE

9.      Leeberg's Counterclaims are barred, in whole or in part, by Legacy's performance of its obligations under the Agreements.

### TENTH DEFENSE

10.      Leeberg's Counterclaims are barred, in whole or in part, by the Parol Evidence Rule.

### ELEVENTH DEFENSE

11.      Leeberg's Counterclaims are barred, in whole or in part, by Leeberg's failure of condition precedent to recovery.

**TWELFTH DEFENSE**

12.     Leeberg's Counterclaims are barred, in whole or in part, because Leeberg's alleged damages were caused by Leeberg or parties over whom Legacy has no control. Legacy requests that, pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, there be a determination of percentage of responsibility of Leeberg and all applicable parties or settling parties for all tort claims alleged. Any alleged damages were proximately caused by independent, intervening, and superseding acts of third-party payors and provider-level coding, billing, and documentation decisions.

**THIRTEENTH DEFENSE**

13.     Leeberg's Counterclaims fail, in whole or in part, to state a claim upon which relief can be granted.

**FOURTEENTH DEFENSE**

14.     The fraud-based counterclaims fail to satisfy Rule 9(b) because they do not plead with particularity the specific who, what, when, where, and how of any alleged misrepresentation, scienter, justifiable reliance, or proximate causation.

**FIFTEENTH DEFENSE**

15.     Any alleged oral agreement or modification concerning the sale of goods or payment/collection terms in excess of $500 is unenforceable absent a signed writing.

**SIXTEENTH DEFENSE -**

16.     Leeberg failed to provide timely notice of any alleged nonconformity as required by UCC § 2-607(3)(a) and failed to allow Legacy an opportunity to cure.

13

### SEVENTEENTH DEFENSE

17.    Leeberg's claims are barred, in whole or in part, by contractual warranty disclaimers, exclusive remedy provisions, and limitations/exclusions of incidental or consequential damages contained in the Agreements.

### EIGHTEENTH DEFENSE

18.    Any alleged statements constitute non-actionable opinions, predictions, or forward-looking promises, and Leeberg cannot establish reasonable or justifiable reliance in light of the Agreements and IFU.

### NINETEENTH DEFENSE

19.    To the extent applicable, Leeberg's claims are subject to contractual venue, forum-selection, choice-of-law, and dispute-resolution provisions, which bar or limit the asserted counterclaims in this forum.

### TWENTIETH DEFENSE

20.    Leeberg has no contractual or statutory basis to recover attorneys' fees on the counterclaims asserted, and exemplary damages are unavailable for breach of contract and otherwise barred and/or limited by Texas Civil Practice & Remedies Code Chapter 41.

### TWENTY-FIRST DEFENSE

21.    Legacy reserves the right to amend or supplement its answer to assert additional defenses, affirmative or otherwise.

### PRAYER

Legacy Medical Consultants, LP pray that the claims of Leeberg be dismissed with prejudice, that Leeberg take nothing by reason of this suit, that Legacy be awarded costs of Court,

and forth such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Dated: December 15, 2025.                     Respectfully submitted,

                                              **BLANK ROME LLP**


                                              */s/ Megan A. Altobelli*
                                              Gregory J. Moore (Admitted *Pro Hac Vice*)
                                              Texas Bar No. 24055999
                                              Audrey F. Momanaee
                                              Texas Bar No. 24055993
                                              Fed Bar No. 724132
                                              717 Texas Avenue, Suite 1400
                                              Houston, Texas 77002
                                              (713) 632-8613
                                              Gregory.Moore@BlankRome.com
                                              Audrey.Momanaee@BlankRome.com

                                              -and-

                                              Megan A. Altobelli (Local Counsel)
                                              Texas Bar No. 24107116
                                              200 Crescent Court, Suite 1000
                                              Dallas, Texas 75201
                                              (972) 850-1467 M. Altobelli Direct
                                              Megan.Altobelli@BlankRome.com

                                              **ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all parties and counsel of record through the Court's CM/ECF filing system on this 15th day of December, 2025, in accordance with the Fed. R. Civ. P. 5(b)(2).

                                              */s/ Megan A. Altobelli*
                                              Megan A. Altobelli