# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| Legacy Medical Consultants, LP, Successor in Interest to Legacy Medical Consultants, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:25-cv-00319-P |
| Cristi Leeberg d/b/a Practitioners in Motion, PLLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    APEX MDCL LLC
ATTN: Eric Logwood, Managing Member

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Veritext Legal Solutions Las Vegas c/o Blank Rome LLP, 3960 Howard Hughes Parkway, Suite 700, Las Vegas, NV 89169 | Date and Time: 01/06/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/23/2025

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Megan A. Altobelli |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Legacy Medical Consultants LP
, who issues or requests this subpoena, are:

Megan A. Altobelli, Esq.; 972-850-1467; 200 Crescent Court, Suite 1000, Dallas, TX 75201; megan.altobelli@blankrome.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:25-cv-00319-P

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

This *subpoena duces tecum* ("Subpoena") commands the production of documents, electronically stored information, or tangible things (the "Requests"). The Definitions and Instructions included below are for use in construing and responding to this Subpoena and these Requests:

## DEFINITIONS

The following definitions apply for the purposes of this Subpoena:

1.      Unless otherwise stated, "You," "Your," and/or "Apex" means APEX MDCL LLC and Your subsidiaries, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time between January 1, 2022 and the present.

2.      "Legacy" means Legacy Medical Consultants, LP, successor in interest to Legacy Medical Consultants, LLC.

3.      "Dr. Leeberg" refers to Dr. Cristi Leeberg of 960 Whisperoak Drive, Melbourne, FL 32901.

4.      "PIM" refers to Practitioners in Motion, a Florida limited liability company with its principal place of business located at 1900 South Harbor City Boulevard #225, Melbourne, FL 32901.

5.      "Logwood" refers to Rick Logwood of APEX MDCL LLC.

6.      "Fitzpatrick" refers to Brian Fitzpatrick of APEX MDCL LLC.

7.      The word "person" means natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (e.g., as a committee, board of

1

directors, etc.), corporations, partnerships, joint ventures and any other incorporated or unincorporated business or social entities, and all administrative committees, hearing boards, and/or decision-making bodies.

8.    As used herein, the terms "officers," "agents," "employees" and any other such designation mean any person serving at any relevant time in any such capacity even though no longer serving in such capacity.

9.    "Document" and "Electronically Stored Information" ("ESI") are defined to be synonymous in meaning, used interchangeably, and equal in scope to the usage of these terms in Federal Rule of Civil Procedure 34, and include all written, printed, typed, and electronic media, and any other media from which information can be derived, whether in hard copy or stored electronically. The terms further include original documents, drafts, non-identical copies, diaries, correspondence, Communications (defined below), proposals, valuations, financial statements, contracts, letters, memoranda, appointment calendars, schedules, books, indices, printed forms, publications, press releases, notices, brochures, pamphlets, guidelines, manuals, minutes, summaries, abstracts, reports, files, file jackets, transcripts, data processing cards, computer tapes, disks, and hard drives, printouts, information contained in, on, or retrievable from computer programs, bulletins, surveys, charts, exhibits, diagrams, graphs, tables, photographs, recordings, telegrams, cables, telex messages, facsimiles, microfilms, videotapes, studies, work papers, analyses, evaluations, and notes. This shall include any of the above-mentioned items that are in Your possession, custody or control or the possession, custody, or control of Your agents, employees, and representatives, including but not limited to Your counsel and all other persons acting or purporting to act on Your behalf, or known to You wherever located, however produced or reproduced, whether an original or copy (including any non-identical copies, whether different

2

from the original because of any alteration, notes, comments or otherwise), together with any supplements or attachments thereto or enclosures therewith.

10.    "Communications" means any conversation, notice, transfer or exchange of information, expression of intent, inquiry or other direction, conveyance, or receipt of facts or messages, by verbal, written, electronic, telephonic or any other medium, including, but not limited to, e-mail, text messages and voicemail messages.

11.    "Referring to," "relating to," "regarding," "pertaining to," and/or "concerning" shall denote showing, disclosing, averring to, comprising, containing, involving, evidencing, constituting, or revealing, both directly and indirectly, in whole or in part.

12.    The words "and" or "or" shall be interpreted conjunctively or disjunctively as necessary to include any and all information otherwise within the scope of any Request.

13.    The use of the phrase "between and/or among" in any Request seeking emails, text messages or other communications shall be construed to seek any communication in which at least two or more of the persons identified in such request appears as any of the following: sender/author or recipient (to, cc or bcc).

14.    The use of the present tense includes the past and future tenses and vice versa.

15.    Use of the plural form of any word shall be deemed to include the singular form, and use of the singular form shall be deemed to include the plural form.

**INSTRUCTIONS**

1.      In responding to the Requests, you are required to conduct a search to identify all documents or things in your possession, custody or control, or known or available to you, regardless of whether such documents or things are possessed directly by you (as defined above) or your agents, employees, representatives or investigators, or by your attorneys or their agents, employees, representatives or investigators. Legacy invites you to meet and confer with Legacy's counsel to agree on reasonable custodians or key search terms to satisfy your obligation to search. Legacy will accept all reasonably usable formats for document production (e.g., PDF/TIFF with load files if available).

2.      If a document is in any way attached to, appended to, or was enclosed with, any Requested Document (regardless of the medium used for transmission), such additional document(s) shall also be produced.

3.      If you claim that any document responsive to these Document Requests is privileged or otherwise non-discoverable, you must identify each document in a separate log. With respect to each document, this log shall include: (1) the date of the document; (2) its author; (3) all person(s) receiving the document and any copies; (4) the nature or form of the document (e.g., letter, memorandum, etc.); (5) the subject matter identified in the document; and (6) the specific privilege claimed and the basis for such claim or other reason the document is asserted to be non-discoverable.

4.      If you think that any word or Request contained herein is ambiguous, you are instructed to set forth each meaning which you think is possible and answer the request according to each meaning.

5. If you think that any word or Request for contained herein is vague, you are instructed to explain the vagueness and select any reasonable interpretation thereof and answer the Request according to your reasonable interpretation.

6. Unless otherwise stated in a specific Request, these Requests seek Documents from January 1, 2022, to the present (the "Relevant Time Period").

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Any Documents and Communications concerning payment and the failure by PIM or Dr. Leeberg to pay for Legacy products, including but not limited to, payment confirmations, receipts, billing records, late payment notifications, internal communications concerning payments (or the lack thereof), and any attempted/incomplete payments.

2.      Any Documents and Communications concerning insurance reimbursements for PIM or Dr. Leeberg, including but not limited to Medicare, Medicaid, CHAMPVA, Tricare, or private insurance or for Legacy products.

3.      Any Documents and Communications relating to payment for Legacy products by PIM or Dr. Leeberg, including but not limited to, promises, assurances, or representations that payments were not required until insurance reimbursement is made for each claim.

4.      Any Documents and/or Communications between You, Logwood, or Fitzpatrick and Twenty Won Sales and Consulting LLC concerning PIM or Dr. Leeberg.

5.      Any Documents and Communications between You, Logwood, or Fitzpatrick and PIM or Dr. Leeberg concerning Legacy or Legacy products, including any representations about product use, instructions for use, guarantees, or CMS.

6.      Any Documents and Communications between You, Logwood, or Fitzpatrick and PIM or Dr. Leeberg concerning a March 12, 2024 call with Legacy and Matthew Fleisher.

7.      Any Documents and Communications concerning invoice reconciliation, price changes, "PLS PAY" exchanges, rate adjustments effective 10/1/23 and 11/2/23, or involvement in transitioning product lines.

8.      Any Documents and Communications between You, Logwood, or Fitzpatrick and PIM or Dr. Leeberg concerning invoice corrections, instructions for use, or rebates.

6

9.    Any Documents and/or Communications concerning Your shift from Apex billing to Legacy billing.