UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEGACY MEDICAL CONSULTANTS LP,

    Plaintiff,

v.                                                        No. 4:25-cv-00319-P

CRISTI LEEBURG,

    Defendant.

## ORDER

Before the Court is Robert M. Einhorn's application for admission *pro hac vice*. ECF No. 44. Having considered the application and the relevant law, the Court concludes it will be **DENIED.**

Local Rule 83.9(a) allows a licensed attorney who is not admitted to practice in the Northern District of Texas to represent a party in proceedings in this court only by permission of the presiding judge. *See* N.D. Tex. L.R. 83.9. Local Rule 83.9(b) allows a non-admitted attorney to apply for admission *pro hac vice*. *Id.*

Although federal courts commonly permit out-of-state lawyers to appear *pro hac vice*, such practice is guaranteed neither by statute nor by the Constitution. *See, e.g.*, *Leis v. Flynt*, 439 U.S. 438, 443 (per curiam) ("The Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another."), *reh'g denied,* 441 U.S. 956 (1979). *Pro hac vice* means "[f]or this occasion or particular purpose." *Pro hac vice*, BLACK'S LAW DICTIONARY (11th ed. 2019). "An admission *pro hac vice*, therefore, means that a lawyer has been admitted to practice in a jurisdiction for a particular case only." *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459 (M.D. Ala. 1997) (internal quotation marks omitted). Accordingly, "[a]dmission *pro hac vice* is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis." *Mateo v. Empire Gas Co.*, 841 F. Supp. 2d 574, 579 (D.P.R. 2012)

(internal quotation marks omitted).

A CM/ECF query reveals that, since September 7, 2023, Mr. Einhorn has submitted five applications for admission *pro hac vice* (including the current application) in the Northern District of Texas.[1] In the undersigned's view, this makes Mr. Einhorn a frequent practitioner such that *pro hac vice* admission is no longer appropriate. *See id.* at 581 (holding applicant's four appearances in previous year supported denial of *pro hac vice* application because applicant was not "occasional" practitioner).

Accordingly, it is therefore **ORDERED** that the application is **DENIED**. Mr. Einhorn shall apply for admission to practice before the United States District Court for the Northern District of Texas **on or before February 6, 2026,** and diligently pursue such application until he is either admitted to practice before this Court or denied admission. The Court further **ORDERS** the Clerk of the Court to return the filing fee of the denied application.

**SO ORDERED** on this **23rd day of January 2026.**

*Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Mr. Einhorn's application only lists three applications for admission. ECF No. 44 at 3. However, Mr. Einhorn failed to list his most recent application on November 17, 2025, in *G Six Consulting LLC v. Dickey's Barbecue Restaurants Inc.* No. 3:25-cv-02785-B (N.D. Tex. Nov. 11, 2025), ECF No. 12.