UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:25-cv-00319-P |
| CRISTI LEEBERG D/B/A PRACTITIONERS IN MOTION, PLLC, | § § § § | |
| Defendant. | § § | |
| and | § § | |
| CRISTI LEEBERG D/B/A PRACTITIONERS IN MOTION, PLLC, | § § § § | |
| *Counter-Plaintiff*, | § § | |
| v. | § § | |
| LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, | § § § § | |
| *Counter- Defendant.* | § § | |

**CRISTI LEEBERG'S MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF CHARLOTTE L. KOHLER**

Defendant/Counter-Plaintiff, CRISTI LEEBERG d/b/a PRACTIONERS IN MOTION, PLLC ("Leeberg"), by and through undersigned counsel and pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, hereby submits her her Motion to Strike Expert Report and Testimony of Charlotte L. Kohler, as an expert witness for Plaintiff/Counter-Defendant, LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL

CONSULTANTS, LLC ("Legacy"), and states as follows:

**I. INTRODUCTION.**

This case arises from Legacy's breach of contract claims against Leeberg relating to its sale of skin substitute products to Leeberg and her alleged non-payment of outstanding invoices. In response, Leeberg denied Legacy's allegations, raised several affirmative defenses and asserted counterclaims for breach of contract arising from Legacy's sale of non-conforming skin substitute products and its fraudulent misrepresentations relating to pre-contractual "no payment" guarantees and product representations. On April 14, 2025, this Court entered its Scheduling Order which set an initial expert designation deadline for September 20, 2025, and the rebuttal expert designation deadline for October 20, 2025. [ECF No. 11, ¶4(a)]. The expert disclosure deadline was not modified by the subsequent Scheduling Order entered on November 17, 2025 [ECF No. 33].

On September 19, 2025, Legacy disclosed via e-mail "Kohler Healthcare Consultants" as its expert in general Medicare reimbursement rules and procedures. Notably, Legacy's disclosure did not simultaneously identify its expert by name or produce their written report in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and in violation of the first Scheduling Order [ECF 11]. On January 1, 2026, Legacy belatedly furnished Leeberg with Charlotte L. Kohler's Expert Report (the "Kohler's Report") which discussed issues in dispute relating to the conditions and requirements for Medicare reimbursement as to Legacy's products and Ms. Leeberg's purported responsibilities regarding: (a) clinical medical decision-making for product use, (b) creation and maintenance of documentation supporting medical necessity and coverage, and (c) pursuing and exhausting applicable Medicare appeals processes for her patients and securing reimbursement. Kohler's Report was produced nearly three (3) months after the initial disclosure deadline, in violation of Rule 26(a)(2)(B), and a mere eight (8) days before the

expiration of the amended fact discovery deadline [ECF 33]. As detailed below, Legacy must be precluded from summoning its expert to testify at trial or utilizing its expert's report as evidence in support of its Motion for Summary Judgment [ECF 46 & 47] or trial.

## II. MEMORANDUM OF LAW.

### A. STANDARD OF REVIEW.

The Federal Rules of Civil Procedure require parties to disclose expert witnesses by the deadlines imposed in the court's scheduling order. FED. R. CIV. P. 26(a)(2)(A), (D). Under Rule 26(a)(2)(B), expert disclosures must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony of the case.

FED. R. CIV. P. 26(a)(2)(B). If a party fails to provide information required under Rule 26(a)(2), it may not use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. *See* FED. R. CIV. P. 37 (c)(1).

### B. LEGACY'S TARDY EXPERT DISCLOSURE VIOLATES RULES 26(A)(2)(B) WARRANTING ITS EXCLUSION.

Here, Legacy's expert disclosure on September 19, 2025, violated Rule 26(a)(2)(B) because it failed to identify its designated expert by name or furnish Leeberg with such expert's written report at such time. (Ex. 1 at App. 0001). Pursuant to Rule 26(a)(2)(B), an expert disclosure must be "accompanied by a written report—prepared and signed by the witness—if the witness is

one retained or specially employed to provide expert testimony in the case… Fed. R. Civ. P. 26(a)(2)(B). The expert's written report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or report them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> See Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

A party's compliance with Rule 26(a)(2) is not optional. S*ee Goodson v. Nasco Healthcare Inc.*, 2025 WL 1260816, at *4 (N.D. Tex. Apr. 30, 2025) (granting Motion to Strike Expert Disclosure where disclosure was not accompanied by a written report as required by Rule 26(a)(2)(B) and finding the "lack of a written report plainly violates the commands of Rule 26."). On September 19, 2025, Legacy's disclosure via e-mail merely provided:

> Please be advised that Legacy will be designating Kohler Healthcare Consulting as an expert in general Medicare reimbursement rules and procedures.
> (Ex. 1 at App. 0001).

This one sentence disclosure amounts to a total failure by Legacy to set forth a summary of the facts and opinions upon which its proffered and unidentified expert would testify. Expert reports that do not provide the basis and reasons for the stated opinions, or that refer to the basis for the opinions in only vague terms, are insufficient under Rule 26(a)(2)(B). This deficient disclosure frustrated Leeberg's ability to designate a rebuttal expert as the substance of Legacy's expert's opinions were unknown.

Legacy never sought leave of court or reached any stipulation(s) with Leeberg to secure an extension of its initial expert disclosure deadline or its Rule 26(a)(2)(B) requirements. Instead,

Legacy flouted this Court's Scheduling Order [ECF 11] and Rule 26 by producing its expert's written report to Leeberg on January 1, 2026, nearly three months after the expiration of the disclosure deadline. (Ex. 2 at App. 0003-34). In Texas, "[i]nitial expert disclosures are expected to be 'full and complete.'" *Koenig v. Beekmans*, No. 515CV00822RCLRBF, 2018 WL 297616, at *3 (W.D. Tex. Jan. 4, 2018) (quoting *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016)).

Legacy designated Charlotte Kohler as its retained expert on Medicare billing procedures and requirements for the express purpose of providing expert testimony in this case. Accordingly, Legacy knew or should have known under Rule 26(a)(2)(B) that her entity's initial disclosure on September 19, 2025, needed to be accompanied by her identity and a written report which included each of the enumerated items set forth in Rule 26(a)(2)(B)(i)-(vi). It is indisputable that Legacy's initial expert disclosure failed to comply with Rule 26(a)(2)(B). As such, Kohler's report and testimony must be stricken from being admitted as evidence at trial as well as in support of Legacy's pending Motion for Summary Judgment [ECF 46 & 47].

Rule 37 authorizes this Court to preclude Legacy from utilizing its expert report in support of its case in chief because of its failure to comply with Rule 26(a)(2). The "sanction of exclusion is **automatic and mandatory** unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *See Torres v. City of San Antonio,* 2014 WL 7339122 at *1 (W.D. Tex. Dec. 23, 2014) (Emphasis added). This Court may exercise its broad discretion under Rule 37 to sanction Legacy and strike Charlotte Kohler from testifying at trial or admitting her report as evidence. Based upon the foregoing, Leeberg's Motion to Strike should be granted.

### A. LEGACY'S EXPERT REPORT SHOULD BE STRIKEN BECAUSE ITS VIOLATION OF RULE 26(a)(2)(B) IS NOT HARMLESS OR SUBSTANTIALLY JUSTIFIED.

Pursuant to Rule 37(c), Legacy's Expert Report must be stricken because it cannot establish that its violation of Rule 26(a)(2)(B) is harmless, as to Leeberg, or *substantially* justified. In considering whether a violation is harmless, a district court considers:

> (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.

*See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). District courts are given broad discretion "in deciding whether a violation of Rule 26(a) is substantially justified or harmless. *See United States ex rel. Taylor v. Healthcare Assocs. of Tex., LLC*, 2024 WL 4508961, at * 16 (N.D. Tex. 2024). This Court should exercise its sound discretion and strike Legacy's expert report for plainly violating Rule 26(a)(B) which violation is neither harmless or substantially justified. *See Goodson*, 2025 WL 1260816, at *4 ("failing to produce a report is likewise not harmless.")

      **i.** **LEGACY CAN OFFER NO EXPLANATION FOR ITS FAILURE TO COMPLY WITH THE SCHEDULING ORDER'S INITIAL EXPERT DISCLOSURE DEADLINE.**

Legacy can offer no explanation for its inexcusable violation of Rule 26(a)(2)(B) and this Court's Scheduling Order [ECF 11]. Legacy blatantly disregarded such authorities in tendering its September 19, 2025, expert disclosure and made no effort to timely seek an extension of such deadline. This Court's Scheduling Order [ECF 11] was entered on April 14, 2025—permitting Legacy nearly five (5) months of time to engage its expert on topics which it knew or should have known would be directly at issue and thereafter engaging and disclosing its expert in compliance with Rule 26. Legacy therefore possessed ample time to timely engage and designate Ms. Kohler as its expert or seek an extension of the September 20, 2025, disclosure deadline. Based upon the foregoing, Legacy cannot establish a legitimate explanation for failing to comply with this Court's Scheduling Order. As such, this factor tips in Leeberg's favor.

### ii. SIGNIFICANT PREJUDICE TO LEEBERG WARRANTS EXCLUSION OF KOHLER'S EXPERT REPORT.

Allowing Legacy to introduce its non-compliant expert report would cause immeasurable prejudice to Leeberg for two reasons: first, Leeberg has had no meaningful opportunity to conduct discovery in connection with the report; and second, Leeberg cannot timely secure and disclose a rebuttal expert in accordance with this Court's Scheduling Orders [ECF 11 & 33]. Producing Kohler's Report only eight (8) days before the close of discovery—and a mere five (5) days prior to the deposition of its Corporate Representative left Leeberg with insufficient time to conduct a comprehensive review and analysis of Kohler's expert opinions, depose Legacy's Corporate Representative upon its Ms. Kohler's opinions, conduct any expert discovery, or engage a rebuttal expert to timely prepare and produce a written rebuttal report. As a result, Leeberg is deprived of a meaningful opportunity to contest the veracity Legacy's expert's proffered opinions and is therefore substantially prejudiced in her ability to present her claims and defenses trial. The Fifth Circuit has made clear that even a delay of a few weeks in disclosing expert testimony can disrupt the court's schedule and the opposing party's preparation and is therefore prejudicial. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (finding a delay of a few weeks in designating an expert witness "would have disrupted the court's discovery schedule and the opponent's preparation.") Here, several months, not weeks, elapsed between this Court's expert disclosure deadline and Legacy's ultimate disclosure of Ms. Kohler's identity and written summary of opinions. As such, Leeberg undoubtedly suffers substantial prejudice which cannot be remedied by a continuance as explained below. Accordingly, this factor weighs decisively in Leeberg's favor.

### iii. A CONTINUANCE IS NOT AN ADEQUATE REMEDY FOR LEGACY'S UNTIMELY EXPERT DISCLOSURE.

The possibility of a continuance does not cure the prejudice Leeberg suffers as a result of Legacy's tardy expert disclosure. To date, Legacy has never sought a continuance of its expert disclosure deadline or trial to remedy the prejudice Leeberg suffers. Although a continuance may, in some circumstances, mitigate such prejudice, the Fifth Circuit has cautioned that a continuance should not be used to excuse a party's failure to comply with court-ordered deadlines or to reward dilatory conduct. *See Geiserman*, 893 F.2d at 792. Leeberg would be prejudiced by such relief because it would increase her litigation costs, delay resolution of the case, and disrupt this Court's structured Scheduling Orders. Moreover, allowing a continuance under these circumstances would undermine the purpose of Rule 16 and the Court's ability to manage its docket by signaling that missed expert deadlines may be cured through post-hoc extensions. Because the prejudice caused by Legacy's untimely disclosure cannot be cured without rewarding its noncompliance and disrupting the Court's schedule, this factor decisively weighs in Leeberg's favor.

### iv. THE LIMITED IMPORTANCE OF KOHLER'S EXPERT REPORT WEIGHS AGAINST LATE DESIGNATION.

Finally, the proffered importance of Legacy's expert and their written report is insufficient to allow late submission of the report. *See American Animal Health, Inc. v. Huvepharma Inc.*, 2023 WL 9894290, at *2 (N.D. Tex. Sept. 1, 2023) (granting motion to strike expert despite finding expert's opinions were important to case and theories of liability because all other factors weighed in favor of exclusion). To the extent that Legacy's expert's opinions are important to Legacy's claims and/or defenses, *Geiserman* dictates that their importance heightens—rather than excuses—Legacy's obligation to comply with this Court's deadlines. Even if this factor weighs in Legacy's favor—it does not—the other three factors decisively weigh in Leeberg's favor. Accordingly, this Court should exercise its sound discretion and strike Legacy's expert and expert report.

**III. CONCLUSION.**

Based upon the foregoing, Leeberg establishes that Legacy's failure to timely designate its expert violated Rule 26(a)(2)(B) and this Court's Scheduling Order [ECF 11]. Leeberg further establishes that Legacy's disregard of this Court's deadlines is neither harmless nor *substantially* justified. Finally, Leeberg demonstrates that permitting Legacy's tardy expert designation and written report would be substantially prejudicial to Leeberg, thereby warranting their exclusion in accordance with Rule 37(c).

WHEREFORE, Counter-Plaintiff/Defendant, CRISTI LEEBERG d/b/a PRACTITIONERS IN MOTION, PLLC, respectfully requests the entry of an Order striking Plaintiff/Counter-Defendant, LEGACY MEDICAL CONSULTANTS, LP, SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, expert report from Kohler Healthcare Consulting from being admitted as evidence in support of its Motion for Summary Judgment or at trial, precluding Ms. Kohler from testifying at trial, and granting such other and further relief deemed just and proper.

**CERTIFICATE OF CONFERRAL**

The undersigned hereby certifies that on January 26, 2026, he e-mailed Legacy's counsel of record, including Nicholas Harbist, Esq., and Megan Altobelli, Esq., outlining the arguments asserted herein. Thereafter, on January 28, 2025, counsel for Leeberg, Alec R. Shelowitz, Esq., and Legacy, Nicholas Harbist, Esq., and Megan Altobelli, Esq., conferred via Microsoft Teams and discussed the prospect of Leeberg deposing Ms. Kohler and tendering a rebuttal expert report to Legacy. The undersigned advised he would confer with Leeberg regarding such proposals and determine the manner in which she desired to proceed. After substantial conferral, Leeberg does not agree to acquiesce to Legacy's violation of the Scheduling Order [ECF 11] and Rule

26(a)(2)(B) of Federal Rules of Civil Procedure. Accordingly, the undersigned e-mailed Legacy's counsel on February 17, 2026, in subsequent conferral as Leeberg's position remains unwavering, and Ms. Altobelli advised that Legacy opposes Leeberg's Motion.

Dated: February 17, 2026.        Respectfully submitted,

**THE LEAL LAW FIRM, LLC**
14180 N Dallas Pky, Suite 300
Dallas, Texas 75254
Telephone: (214) 395-5325

**ABEL A. LEAL**
Texas Bar No. 24026989
E-mail: abel@leal.law
Telephone: (214) 395-5325

*/s/ Alec R. Shelowitz*
**ZARCO EINHORN SALKOWSKI, P.A.**
2 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
**ROBERT M. EINHORN** (seeking pro hac vice admission)
E-mail: reinhorn@zarcolaw.com
Secondary: imorfi@zarcolaw.com
**ALEC R. SHELOWITZ** (seeking pro hac vice admission)
Email: ashelowitz@zarcolaw.com
Secondary: agarcia@zarcolaw.com

**ATTORNEYS FOR CRISTI LEEBERG**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this filing was served upon the below identified counsel of record through the Court's CM/ECF electronic filing system:

**BLANK ROME, LLP**
200 Crescent Ct #1000
Dallas, Texas 75201
717 Texas Avenue, Suite 1400 Houston, Texas 77002-2727
Audrey F. Momanaee (audrey.momanaee@blankrome.com)
Gregory J. Moore (greg.moore@blankrome.com)
Christopher McNeill (chris.mcneill@blankrome.com)
**ATTORNEYS FOR LEGACY MEDICAL CONSULTANTS, L.P.**

By: *s/ Alec R. Shelowitz*
    **Alec R. Shelowitz**