# EXHIBIT B

Kimberly Bini, Volume 1
January 07, 2026

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEGACY MEDICAL CONSULTANTS,      )
LP, SUCCESSOR IN INTEREST TO     )
LEGACY MEDICAL CONSULTANTS,      )
LLC,                             )
                                 )
    Plaintiff,               )
v.                               )
                                 )
CRISTI LEEBERG D/B/A             )
PRACTITIONERS IN MOTION, PLLC,   )
                                 )
    Defendant,               )
                                 )
And                              )      NO. 4:25-cv-00319-P
                                 )
CHRISTI LEEBERG D/B/A            )
PRACTITIONERS IN MOTION, PLLC,   )
                                 )
    Counter-Plaintiff,       )
v.                               )
                                 )
LEGACY MEDICAL CONSULTANTS,      )
LP, SUCCESSOR IN INTEREST TO     )
LEGACY MEDICAL CONSULTANTS,      )
LLC,                             )
                                 )
    Counter-Defendant        )


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL AND VIDEOTAPED DEPOSITION OF

KIMBERLY BINI

JANUARY 7, 2026

VOLUME 1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL AND VIDEOTAPED DEPOSITION OF KIMBERLY BINI, produced

as a witness at the instance of the Plaintiff, and duly sworn,

was taken in the above-styled and numbered cause on

on the first three.  Thanks for bringing that to my attention.

So Exhibit 9 is three documents instead of four. We'll mark Leeberg 1783, 1784, and 1785.

Q.    (BY MR. SHELOWITZ)  Do you see that?

A.    Yes.

Q.    Okay.  So my first -- going back to my first question, Ms. Bini, is:  Have you seen these Apex Insurance Verification Forms before?

A.    I have not.

Q.    Okay.  And is it your understanding that these are the forms that were submitted to Legacy under paragraph 2 of the contract we just reviewed?

A.    These would not have been submitted to Legacy.

Q.    Okay.  If these were submitted to Apex -- better yet.

Do you have any knowledge whether or not these forms were submitted to Apex?

A.    Well, these appear to be Apex documents.

Q.    Okay.  And if Apex received these forms did that eventually lead to Legacy selling or that it there by releasing its products to Ms. Leeberg?

MS. ALTOBELLI:  Object to form.

A.    So this form is an Apex document.  This is not Legacy's IVR form.  I can only assume that this was created by Apex, and they obtained the approval.

Q.    (BY MR. SHELOWITZ)  Uh-huh.

Kimberly Bini Volume 1
January 07, 2026

A.    And we relied on Apex Medical.  I don't believe we've -- I'm not sure if we verified if there was a good IVR at the time, but we would have sold the product based on Apex telling us to sell the product.

Q.    Okay.  So, even though the contract says that the customer agrees to use Legacy's medical insurance form, Legacy was willing to accept Apex form in selling the product, correct?

MS. ALTOBELLI:  Object to form.

A.    I don't believe we received this document, so we didn't ask for the IVR back.  We just made it clear that the customer was required to verify insurance through Legacy's IVR form.  So in other words, the practitioner would take the responsibility.  They had to verify their patient had insurance that covered our product, and that was on them, that they had to verify that information.  So what I'm assuming is happened that she submitted this to Apex, and they verified insurance.

Q.    (BY MR. SHELOWITZ)  Okay.  And so, just so I understand, so once Apex verified insurance, is it your testimony that Legacy thereafter sold the product -- or realized the product, I should say, to Ms. Leeberg?

MS. ALTOBELLI:  Object to form.

A.    I'm assuming so, yes.

Q.    (BY MR. SHELOWITZ)  So in other words, Legacy relied on Apex verifying the insurance to thereby release the product

because I think that's the easiest, and it has the Exhibit A under the attachment.

You recall earlier, in the deposition, you were going through, paragraph by paragraph, provisions of these contracts?

A.   Yes.

Q.   Okay.  I'm on the very first one.  I think that's just easiest.  And I'm on page 2.

So paragraph 6 we talked about previously, right, because this explains and you're welcome to read it, that payment is due within 45 days?

A.   Correct.

Q.   And we discussed that in some circumstances, Legacy permitted Ms. Leeberg beyond 45 days to tender payment under its invoices, correct?

A.   Correct.

Q.   And, to the best of your knowledge, there was no written amendment of the contracts to provide Ms. Leeberg with that additional period of time, correct?

A.   Correct.

Q.   So the parties agreed to modify the terms of the agreement without putting anything in writing, correct?

MS. ALTOBELLI:  Object to form.

A.   I'm sorry.  I'm not sure what you mean by that:  We agreed to modify.  You mean to extend beyond 45 days.

Q.    (BY MR. SHELOWITZ)  Correct.

A.    Yeah.  We -- I mean, I don't know that it was ever written, but we were not aggressive in our collection efforts, if it -- 60 days, 70 days.

Q.    Right.  In other words, there was some leniency under the terms of the agreement, correct?

A.    There was some leniency, yes.

Q.    And I want to focus on paragraph 7 which is titled: Miscellaneous.  Do you see that?

A.    I do.

Q.    And it says:  This Agreement contains the entire agreement between the Parties concerning the subject matter hereof and is governed by Texas law.  This agreement may be amended or modified only by a written agreement signed by both parties, correct?

A.    Correct.

Q.    So with respect to the payment terms that were just discussed, those were modified without any written agreement between the parties, correct?

A.    Correct.

Q.    And with respect to paragraph 2, the use of the IVRs, that was also modified to permit or otherwise not object to Ms. Leeberg's use of Apex verification forms, correct?

            MS. ALTOBELLI:  Object to form.

A.    We did not permit the use of Apex IVR forms.

Kimberly Bini
February 05, 2026

document that reflected Mr. Logwood as a sales representative, do you recall that document?

A.    I do.

Q.    Are you aware of any communications between Legacy and Ms. Leeberg that attempted to distinguish Mr. Logwood as a sales representative for APEX and not Legacy?

MS. ALTOBELLI:  Objection, form.

THE WITNESS:  No.

BY MR. SHELOWITZ

Q.    Do you know whether or not Legacy provided Ms. Leeberg a copy of Mr. Longwood's Independent Contractor Agreement?

A.    No.

Q.    Do you know whether Legacy ever told Ms. Leeberg about the terms and conditions of that agreement that it had with APEX and Mr. Logwood?

A.    No.

Q.    Going go to what was marked in your first deposition as Exhibit 8, that was the counterclaim.  Do you remember seeing this document Ms. Bini?

A.    Yes, I believe so.

Q.    You understand just to refresh your memory that this is the pleading Ms. Leeberg filed against Legacy that outlines her claims against Legacy?